NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000850
03-OCT-2014
09:32 AM**

NO. CAAP-14-0000850

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KENNETH M. SKAHAN,
Claimant/Appellee/Appellant,
v.
STUTTS CONSTRUCTION COMPANY, INC.,
Employer/Appellant/Appellee,
and
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier/Appellant/Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2014-019(WH)) (9-04-45072(M))

ORDER DISMISSING APPEAL FOR
LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS IN
APPELLATE COURT CASE NUMBER CAAP-14-0000850
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of record, it appears that we lack

jurisdiction over this appeal that Claimant/Appellee/Appellant

Kenneth M. Skahan (Appellant Skahan) has asserted from the Labor

and Industrial Relations Appeals Board's (the LIRAB)[1] May 11, 2014, "Order Granting Employees' Motion for Stay of Payments" and the LIRAB's May 14, 2014 "Order Denying Motion for Stay of Suspension of Medical Benefits" (collectively, "Stay Orders"), because the Stay Orders are not independently appealable orders.

Pursuant to Hawaii Revised Statutes (HRS) § 386-88 (Supp. 2013) and HRS § 91-14(a) (1993 & Supp. 2013), an aggrieved party may appeal a final decision and order by the LIRAB directly to the intermediate court of appeals:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). The Stay Orders did not end the proceedings before the LIRAB and leave nothing further to be accomplished. According to the record on appeal, the LIRAB has yet to enter a final order that finally adjudicates the substantive issues in Employer/Appellant/Appellee Stutts Construction Co., Inc., and Insurance Carrier/Appellant/Appellee First Insurance Company of Hawaii, Ltd.'s administrative appeal in case number AB 2014-019 (WH), which is still pending before the LIRAB. Therefore, the Stay Orders are not appealable final

---

[1] At relevant times, the Labor and Industrial Relations Appeals Board (the LIRAB) appears to be composed of Member Melanie S. Matsui and Member David A. Pendleton.

-2-

orders under HRS § 386-88 and HRS § 91-14(a).  Although exceptions to the final order requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine) and the collateral order doctrine, the Stay Orders do not satisfy all the requirements for appealability under the Forgay doctrine or the collateral order doctrine.  See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).  Absent an appealable final decision and order by the LIRAB, we lack jurisdiction over this appeal.  Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000850 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellant court case number CAAP-14-0000850 are dismissed as moot.

DATED: Honolulu, Hawai'i, October 3, 2014.

Chief Judge

Associate Judge

Associate Judge